IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD SCOTT HENDRIX, #068536                                      PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  3:06cv391-HTW-LRA

DAN SMITH                                                          DEFENDANT

OPINION AND ORDER

This cause comes before this Court for plaintiff's failure to comply with the second order to

show cause [13-1] filed on February 6, 2007.  Initially, an order [8-1] was entered on August 11,

2006,  directing the plaintiff to file a response on or before September 5, 2006.  The plaintiff was

warned in this court's notice of assignment as well as each order, including the order of August

11, 2006, that failure to timely comply with the requirements of the order or failure to keep this

court informed of his current address may lead to the dismissal of his complaint.  Plaintiff failed

to comply with that order.

On September 19, 2006, the plaintiff was ordered to show cause [10-1] in writing on or

before October 4, 2006, why this case should not be dismissed for failure to comply with this

court's order of August 11, 2006.  In addition, the plaintiff was directed to comply with the order

of August 11, 2006, by filing a response on or before October 4, 2006.  A staff member of the

Hinds County Detention Center informed this Court on October 27, 2006, by letter [11-1] that

the plaintiff had been released.  Once again, the plaintiff failed to comply or to otherwise contact

this Court concerning the instant civil action.

However, out of an abundance of caution, the second order to show cause [13-1] was filed

February 6, 2007, and mailed to the plaintiff at his last known address.  The envelope containing

that show cause order was returned by the postal service with the notation "undeliverable" and was filed on March 5,2 007.  The plaintiff has failed to respond to three court orders and has failed to keep this court informed of his current address.  In fact, the plaintiff has not contacted this Court since August 4, 2006.  Therefore, this Court finds that it is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 30th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:06-cv-391 HTW-LRA
Opinion and Order

2